IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DAVID CLARK and KINDRA CLARK,** | CV 04-1120-BR |
| Plaintiffs, | OPINION AND ORDER |
| v. | |
| **QUICK COLLECT, INC.,** an Oregon corporation; and **MARK MOORE,** | |
| Defendants. | |

**WILLIAM R. GOODE**
4224 S.W. Melville Avenue
Portland, OR 97239-1357
(503) 244-9109

Attorney for Plaintiffs

**JOHN MICHAEL UNFRED**
P.O. Box 327
Salem, OR 97308
(503) 371-6005

**GREGORY A. NIELSON**
P.O. Box 873292
Vancouver, WA 98687
(360) 892-7316

Attorneys for Defendants

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendants' Motion for Summary Judgment (#14). For the following reasons, the Court **GRANTS in part** and **DENIES in part** Defendants' Motion.

## BACKGROUND

The following facts are undisputed unless otherwise noted:

Defendant Quick Collect Incorporated (QCI) is a corporation licensed to collect debts in Oregon. "Mark Moore" is the registered pseudonym of QCI employee Kieran Morrin.

Plaintiffs Kindra and David Clark owed a debt to Bethany Family Dental Care (BFDC), which BFDC assigned to QCI on April 6, 2004. Plaintiffs also owed a debt to John Lindgren, M.D., which Dr. Lindgren assigned to QCI on June 17, 2004.

On April 7, 2004, Morrin called Plaintiffs' residence regarding the BFDC debt. Because no one answered at the residence, Morrin called Kindra Clark's place of employment but was unable to contact her. Morrin also called Plaintiffs' residence on April 23 and April 26, 2004, and, after failing to get an answer, called Kindra Clark on each of these days at her place of employment.

On April 26, 2004, Kindra Clark spoke with Morrin regarding the BFDC debt and asked him not to call her at work. The parties dispute whether Morrin told Kindra Clark that she had to put such

2 - OPINION AND ORDER

a request in writing before he would stop calling her at work. Kindra Clark did not put her request in writing, but, nevertheless, Morrin did not call Kindra Clark at work again.

On June 18, 2004, Morrin called Plaintiffs' residence regarding the Lindgren debt. Morrin could not get in touch with Plaintiffs at home and, therefore, called David Clark at work about the Lindgren debt and left a message consisting of a pseudonym and a request that David Clark call him. Morrin called Plaintiffs' residence again on June 21 and June 24, 2004, regarding the Lindgren debt. On June 24, 2004, Morrin called David Clark at work because he was unable to reach Plaintiffs at home. A receptionist at David Clark's place of employment answered the telephone both times Morrin called, she asked Morrin to leave his company name, and Morrin told her he was with "QCI" during the June 24, 2004, call. On June 24, 2004, David Clark told Morrin not to call him at work anymore. Morrin did not call David Clark at work after that conversation.

On August 13, 2004, Plaintiffs filed a Complaint against QCI and Morrin alleging Defendants violated the Fair Debt Collection Practices Act (FDCPA) and Or. Rev. Stat. § 646.639. On March 22, 2005, Defendants filed a Motion for Summary Judgment in which they contend Morrin is not a proper party under the FDCPA and Defendants did not violate either the FDCPA or Or. Rev. Stat. § 646.639.

3 - OPINION AND ORDER

**STANDARDS**

Fed. R. Civ. P. 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law. The moving party must show the absence of an issue of material fact. *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002). In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine issue of material fact for trial. *Id.*

An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarmo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must draw all reasonable inferences in favor of the nonmoving party. *Id.* A mere disagreement about a material issue of fact, however, does not preclude summary judgment. *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1389 (9th Cir. 1990). When the nonmoving party's claims are factually implausible, that party must come forward with more persuasive evidence than otherwise would be required. *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1147 (9th Cir. 1998)(citation omitted).

The substantive law governing a claim or a defense determines whether a fact is material. *Addisu v. Fred Meyer,*

*Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000). If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001).

**DISCUSSION**

**I. Kieran Morrin Is a Proper Party.**

Defendants allege Kieran Morrin is not a proper party to this case because he is not an officer, shareholder, or owner of QCI and, therefore, is not a "debt collector" within the meaning of the FDCPA.

The FDCPA defines "debt collectors" regulated by the statute to include "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The FDCPA does not contain any exception for employees of debt collection companies nor does it suggest only employers may be held liable for violations of the FDCPA.

The few courts that have addressed the issue whether individuals can be held liable under the FDCPA focus only on whether officers or shareholders of debt-collection companies can be held liable under the FDCPA. *See, e.g., Petit v. Retrieval*

5 - OPINION AND ORDER

*Masters Creditor Bureau, Inc.*, 211 F.3d 1057 (7th Cir. 2000); *Musso v. Seiders*, 194 F.R.D. 43 (D. Conn. 1999).

The Court, however, finds the language of the FDCPA is unambiguous. In light of the clear language of the FDCPA, the Court concludes the FDCPA applies to individual employees as well as to the companies that employ them as long as the individual "uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

Accordingly, the Court holds Morrin is a proper party to this action.

## II. Defendants Are Entitled to Summary Judgment on Plaintiffs' Claim for Failure to Cease Communication under § 1692c(c) of the FDCPA.

In their Complaint, Plaintiffs allege Defendants violated 15 U.S.C. § 1692c(c) of the FDCPA when Morrin called David Clark at his place of employment after Kindra Clark had asked Morrin not to call her at the office.

15 U.S.C. § 1692c(c) provides in pertinent part:

> If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except--
>
> (1) to advise the consumer that the debt

>    collector's further efforts are being terminated;
>
>    (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or
>
>    (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

Even though Morrin ceased calling Kindra Clark at work after she orally requested him to do so, the record does not reflect either Kindra or David Clark asked Morrin at that point to cease calling David Clark at work. The Court, therefore, concludes Morrin did not violate § 1692c(c) of the FDCPA when he called David Clark at work when only Kindra Clark had asked Morrin not to call her at work.

Accordingly, the Court concludes Defendants are entitled to summary judgment on this issue.[1]

---

[1] In their Response to Defendants' Motion for Summary Judgment, Plaintiffs allege for the first time that Morrin's calls to David Clark violated § 1692c(a)(1), which prohibits a debt collector from calling a debtor at a time or place "known to be inconvenient." In general, entirely new claims cannot be raised for the first time in an opposition to a motion for summary judgment. *See, e.g., Lively v. Wash. Inv. Serv., Inc.*, CV 02-1363-MO, 2004 WL 3090165, at *3 (D. Or. Dec. 31, 2004)(citing *Hang On, Inc. v. City of Arlington*, 65 F.3d 1248, 1255 (5th Cir. 1995)). Even if Plaintiffs had alleged such a claim in their Complaint, however, the Court notes Plaintiffs have not shown Morrin was on notice that it was inconvenient to contact David Clark at work until David Clark asked Morrin not to call him at work.

## III. Defendants Are Not Entitled to Summary Judgment on Plaintiffs' Claim for Communication with Third Parties under § 1692c(b) of the FDCPA.

Plaintiffs allege Defendants violated § 1692c(b) of the FDCPA when Morrin called David Clark's office for reasons other than seeking location information and Morrin informed the receptionist that he worked for "QCI."

Section 1692c(b) provides:

> Except as provided in section 804, without the prior consent of the consumer given directly to the debt collector, . . . a debt collector may not communicate, in connection with the collection of any debt, with any person other than a consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692b, however, provides an exception to communication with third parties:

> Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall--
>
> (1) identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer;

When drafting the FDCPA, Congress intended to protect debtors from, among other things, adverse employment actions resulting from debt collectors informing employers of debtor's defaults. *See U.S. v. Trans Cont'l Affiliates,* CV C-95-1627-JLQ, 1997 WL 26297, at *3 (N.D. Cal. Jan. 8,1997)(quoting S. Rep. No.

8 - OPINION AND ORDER

382, *reprinted in* 1977 U.S.C.C.A.N. 1695, 1699)(the FDCPA provides the "extremely important protection" of prohibiting a debt collector from contacting "third persons such as a consumer's . . . employer."  Except for contacts for "location information" under 15 U.S.C. § 1692b, "[s]uch contacts are not legitimate collection practices and result in serious invasions of privacy, as well as the loss of jobs.").  In light of Congress's intent to shield debtors from adverse employment actions, the Court construes narrowly the exception to the prohibition against contacting a debtor's employer.

In his deposition, Morrin testified he was attempting to reach David Clark when he called him at his office on June 18 and June 24.  Morrin also testified he was not attempting to verify Clark's employment.  Defendants do not provide any further explanation of Morrin's intentions when he called David Clark's office twice.

The Court finds Morrin's deposition testimony is sufficient to create an issue of material fact as to whether Morrin was calling for the purpose of acquiring "location information" for David Clark or whether Morrin was calling for some other purpose that is not excepted under § 1692b.

Accordingly, the Court concludes Defendants are not entitled to summary judgment on this issue.

**IV. Defendants Are Not Entitled to Summary Judgment on Plaintiffs' Claim for Harassment or Abuse under § 1692d of the FDCPA.**

Plaintiffs allege Defendants violated § 1692d of the FDCPA when Morrin contacted Plaintiffs at home by telephone and hung up without leaving a message after the answering machine picked up the calls. Plaintiffs do not allege Morrin behaved in a threatening or intimidating manner.

15 U.S.C. § 1692d provides in pertinent part:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> * * *
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.
>
> (6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

Whether there is actionable harassment or annoyance turns on the volume of calls made and on the pattern of calls. In *Kuhn v. Account Control Tech., Inc.*, the court found six telephone calls in twenty-four minutes constituted harassment in violation of § 1692d(5). 865 F. Supp. 1443, 1453 (D. Nev. 1994). In *Bingham v. Collection Bureau, Inc.* the court held when a call was terminated and the collection agency called back immediately,

10 - OPINION AND ORDER

that single subsequent call could constitute harassment under
§ 1692d(5) regardless of the content of the call.  505 F. Supp.
864, 873 (D. N.D. 1981).

Here Morrin's call log reflects he called Plaintiffs a total of five times in nineteen days regarding the debt with BFDC and eight times in twenty-one days regarding the Lindgren debt. The Court notes Morrin's failure to leave a message at Plaintiffs' residence does not by itself violate of § 1692d. *See Udell v. Kansas Counselors, Inc.*, 313 F. Supp. 2d 1135, 1144 (D. Kan. 2004)("Section 1692d(6) does not, when read in isolation, specify whether a debt collector who calls a consumer must leave a message when the consumer does not answer the call. When this provision, however, is read in conjunction with the entirety of  § 1692d, it is clear that not leaving a message is not the type of harassing, oppressive, or abusive conduct that violates the statute. . . . Further, requiring a debt collector to leave such messages could lead to other unnecessary violations of the FDCPA.").  The Court, therefore, holds the reasonableness of Morrin's volume of calls and their pattern is a question of fact for the jury.[2]  *See Gill v. Kostroff*, 82 F. Supp. 2d 1354,

---

[2] In support of their Motion, Defendants produced the Affidavit of counsel, John Unfred, in which he stated: (1) at their depositions, Plaintiffs could not articulate any damages caused by Defendants' actions and (2) at their depositions, Plaintiffs were unable to identify any telephone calls they believed to be harassing or annoying.  Defendants, however, did not produce the deposition testimony to which Unfred refers in

11 - OPINION AND ORDER

1360 (M.D. Fla. 2000).

Accordingly, the Court concludes Defendants are not entitled to summary judgment on this issue.

**V.  Defendants Are Not Entitled to Summary Judgment on Plaintiffs' Claim for False or Misleading Representations under § 1692e of the FDCPA.**

Plaintiffs allege Defendants violated § 1692e of the FDCPA when Morrin told Kindra Clark he was not obligated to stop calling her at work unless she sent a written request to QCI. Defendants, however, allege Morrin merely asked Kindra Clark to provide a letter stating the scope of the restrictions on QCI's contact with her, and he did not condition his cessation of calls to her work on such a letter.

15 U.S.C. § 1692e provides in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> \* \* \*

> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

When deciding whether Defendants engaged in false or

---

his Affidavit.  Unfred's Affidavit, therefore, is hearsay and inadmissible for the truth of the matters asserted therein. *See U.S. v. Real Property Located at Incline Village,* 47 F.3d 1511, 1517 (9th Cir. 1995), *rev'd on other grounds by Degen v. U.S.*, 517 U.S. 820 (1996).

misleading representations in violation of § 1692e, the court must apply an objective test based on the least sophisticated consumer. *Swanson v. S. Or. Credit Serv., Inc.*, 869 F.2d 1222, 1227 (9th Cir. 1988). If a debt collector advised a debtor that the collector required written notice before he would stop calling the debtor at an inconvenient location, the least sophisticated debtor likely would believe the collector's statement even though it would be false or misleading. *See* 15 U.S.C. § 1692c(a)(1).

Here the parties dispute the content of Morrin's statement to Kindra Clark about written notice. The Court, therefore, finds as issue of material fact exists as to whether Morrin told Kindra Clark that she must provide a written request before Morrin would be required to stop calling her at work or whether Morrin merely requested a written explanation of Kindra Clark's restrictions on him calling her at work.

Accordingly, the Court concludes Defendants are not entitled to summary judgment on this issue.

**VI. Defendants Are Entitled to Summary Judgment on Plaintiffs' Claim of Violation of Or. Rev. Stat. § 646.639(2)(f) and (g).**

Plaintiffs allege Defendants violated Or. Rev. Stat. § 646.639(2)(f) when Morrin informed the receptionist at David Clark's employer that he was calling from "QCI." Plaintiffs further allege Defendants violated Or. Rev. Stat. § 646.639(2)(g)

13 - OPINION AND ORDER

when Morrin called the Clarks at their places of employment without first making a good faith effort to call them at their home.

Or. Rev. Stat. § 646.639(2) provides in pertinent part:

> It shall be an unlawful collection practice for a debt collector, while collecting or attempting to collect a debt to do any of the following:
>
> * * *
>
> (f) Communicate or threaten to communicate with a debtor's employer concerning the nature or existence of the debt.
>
> (g) Communicate without the debtor's permission or threaten to communicate with the debtor at the debtor's place of employment . . . except that the debt collector may:
>
> * * *
>
> (B) Telephone a debtor's place of employment without informing any other person of the nature of the call or identifying the caller as a debt collector but only if the debt collector in good faith has made an unsuccessful attempt to telephone the debtor at the debtor's residence during the day or during the evening between the hours of 6 p.m. and 9 p.m.

### A. Defendants Did Not Violate OR. Rev. Stat. § 646.639(2)(f).

When Morrin called David Clark's place of employment on June 24, he responded to the receptionist's request by stating he was with "QCI." Morrin did not communicate any information regarding either the existence or nature of David Clark's debt. In addition, David Clark testified at his deposition that the receptionist did not know QCI was a collection agency.

The Court finds Morrin's statement that he was with QCI did not provide David Clark's employer with information about the existence or nature of David Clark's debt within the meaning of Or. Rev. Stat. § 646.639(2)(f). Accordingly, the Court concludes Defendants are entitled to summary judgment on this issue.

**B. Defendants Did Not Violate Or. Rev. Stat. § 646.639(2)(g).**

The telephone log of Morrin's calls to Plaintiffs reflects he made calls to the Clark's residence as required by Or. Rev. Stat. § 646.639(g) before calling their places of employment. Accordingly, the Court concludes Defendants are entitled to summary judgment on Plaintiffs' claim that Defendants violated Or. Rev. Stat. § 646.639(g).

## CONCLUSION

For these reasons, the Court **GRANTS in part** and **DENIES in part** Defendants' Motion for Summary Judgment (#14).

IT IS SO ORDERED.

DATED this 30th day of June, 2005.

Michael W. Mosman/for

ANNA J. BROWN
United States District Judge

Clark II CV04-1120 O&O 06-28-05.wpd