IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID CLARK and KINDRA CLARK,                    04-CV-1120-BR

       Plaintiffs,                    OPINION AND ORDER

v.

QUICK COLLECT, INC., an Oregon
corporation and MARK MOORE,

       Defendants.


WILLIAM R. GOODE
4224 S.W. Melville Avenue
Portland, OR  97239-1357
(503) 244-9109

       Attorney for Plaintiffs

JOHN MICHAEL UNFRED
P.O. Box 327
Salem, OR  97308
(503) 371-6005

GREGORY A. NIELSON
P.O. Box 873292
Vancouver, WA  98687
(360) 892-7316

       Attorneys for Defendants

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Plaintiff Kindra Clark's Motion for Attorney Fees (#53).  For the reasons that follow, the Court **GRANTS in part** and **DENIES in part** the Motion and awards Kindra Clark attorneys' fees in the amount of **$17,800.**


<u>BACKGROUND</u>

On August 13, 2004, Plaintiffs David and Kindra Clark brought this action against Defendants Quick Collect, Inc. (QCI) and Mark Moore for violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, and Oregon's Unlawful Debt Collections Act, Or. Rev. Stat. § 646.639.  Plaintiffs both asserted claims against Defendants for failing to cease communication in violation of § 1692c(c) of the FDCPA, harassment in violation of § 1692d, improper communication with a third party in violation of § 1692c(b), and violations of Or. Rev. Stat. § 646.639.  Kindra Clark asserted an additional claim against Defendants for allegedly making misleading representations in violation of § 1692e of the FDCPA.  Plaintiffs sought to recover $62,000 in statutory penalties and economic and punitive damages.

On June 30, 2005, the Court granted Defendants' Motion for Summary Judgment in part and dismissed Plaintiffs' claims against Defendants for failing to cease communication and for violation

2 - OPINION AND ORDER

of Or. Rev. Stat. § 646.639.  The remaining claims went to trial before a jury.  On November 23, 2005, the jury returned a Verdict in favor of Defendants on all claims by David Clark and on Kindra Clark's claims for communication with third parties in violation of § 1692c(b) and for harassment or abuse in violation of § 1692d.  The jury found in favor of Kindra Clark on her claim against Defendants for making misleading representations in violation of § 1692e and awarded Kindra Clark $4,000 in noneconomic damages and $1,000 in statutory damages.

Kindra Clark now seeks an award of attorneys' fees pursuant to the FDCPA, which requires the Court to award a reasonable attorneys' fees.  *See* 15 U.S.C. § 1692k(a)(3).  "The case law construing what is a 'reasonable' fee applies uniformly to all federal fee-shifting statutes."  *Haworth v. State of Nev.*, 56 F.3d 1048, 1051 (9th Cir. 1995)(internal quotations and citation omitted).


## STANDARDS

The Ninth Circuit has adopted a lodestar/multiplier approach for assessing the amount of reasonable attorneys' fees.  *Gates v. Deukmejian,* 987 F.2d 1392, 1397 (9th Cir. 1993).  The lodestar/ multiplier analysis is made up of two parts.  The court first calculates the lodestar amount by multiplying the number of hours the court finds the prevailing party reasonably expended on the

litigation by a reasonable hourly rate. *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). The party seeking the award of fees must submit evidence to support the number of hours worked and the rates claimed. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). "A district court should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" *Id.* (citation omitted).

To determine the lodestar, the court may consider the following factors: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances;(8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). A rote recitation of the relevant factors is unnecessary as long as the court adequately explains the basis for the award of attorneys' fees. *McGinnis v. Kentucky Fried Chicken of Cal.*, 51 F.3d 805, 809 (9th Cir. 1995).

After determining the lodestar amount, the court assesses whether it is necessary to adjust the lodestar upward or downward based on factors that are "not already subsumed in the initial calculation of the lodestar." *Morales*, 96 F.2d at 363-64.   The lodestar amount is presumed to be the reasonable fee, "and thus a multiplier may be used to adjust the lodestar amount upward or downward only in rare and exceptional cases, supported by both specific evidence on the record and detailed findings by the lower courts that the lodestar amount is unreasonably low or unreasonably high." *Id.* (citations and internal quotations omitted).

## **DISCUSSION**

Kindra Clark seeks attorneys' fees of $24,650, which represents 98.6 hours at a rate of $250 per hour.  Kindra Clark submitted the Declaration of her attorney William R. Goode together with a detailed fee statement that itemizes the hours he spent on this matter.

Defendants agree Goode's hourly rate is reasonable, but they contend the fees requested are excessive in light of the limited recovery achieved by Kindra Clark in this matter.  Defendants also contend Kindra Clark improperly seeks to recover attorneys' fees for administrative or secretarial tasks.  Defendants urge the Court to use a "ratio of success" to reduce Kindra Clark's

5 - OPINION AND ORDER

fee award.

**I.    Administrative or Secretarial Tasks**

Although Defendants do not identify the administrative or secretarial entries to which they object, Kindra Clark seeks fees for 13.3 hours for administrative tasks such as issuing a check, faxing a letter, indexing depositions, assembling the trial notebook, assembling checks and invoices, and preparing summaries.  The Court, however, finds it is neither necessary nor cost-effective for an attorney to perform these functions.

Accordingly, the Court declines to award attorneys' fees to Kindra Clark for these 13.3 hours.

**II.  Fees Related to David Clark**

David Clark did not prevail on any of his claims.  The Court, however, identifies 2.7 hours of time specifically related to the prosecution of David Clark's claims.  In her Memorandum For Attorney Fees, Kindra Clark also identified an hour communicating with Vicky Hauck that was unrelated to Kindra Clark's claims.

Accordingly, the Court declines to award attorneys' fees to Kindra Clark for these 3.7 hours.

**III. Remaining Fees**

In *Hensley v. Eckerhart*, the Supreme Court noted "the most critical factor [when determining the amount of attorneys' fees to award] is the degree of success obtained."  461 U.S. 424, 436

6 - OPINION AND ORDER

(1983).

> Where the plaintiff has failed to prevail on a
> claim that is distinct in all respects from his
> successful claims, the hours spent on the
> unsuccessful claim should be excluded in
> considering the amount of a reasonable fee.  Where
> a lawsuit consists of related claims, a plaintiff
> who has won substantial relief should not have his
> attorney's fee reduced simply because the district
> court did not adopt each contention raised.  But
> where the plaintiff achieved only limited success,
> the district court should award only that amount
> that is reasonable in relation to the results
> obtained.

*Thomas v. City of Tacoma*, 410 F.3d 644, 649 (9th Cir. 2005)

(citing *Hensley*, 461 U.S. at 440)).

        As noted, Kindra Clark's success was limited.  Defendants

contend the claim Kindra Clark prevailed on was "distinct in all

respects" from her unsuccessful claims, and, therefore, the Court

should exclude the hours spent on the unsuccessful claims.

Kindra Clark, however, contends her successful and unsuccessful

claims were closely related, and, therefore, the Court should not

reduce the fees she seeks.

        The Ninth Circuit explained in *Dang v. Cross*:

> To determine fees in cases of partial success,
> such as the action at issue here, "[a] court must
> consider (1) whether the plaintiff fail[ed] to
> prevail on claims that were unrelated to the
> claims on which he succeeded, and (2) whether the
> plaintiff achiev[ed] a level of success that makes
> the hours reasonably expended a satisfactory basis
> for making a fee award."

422 F.3d 800, 812-813 (quoting *Watson v. County of Riverside*, 300

F.3d 1092, 1096 (9th Cir. 2002)).  If the successful and

unsuccessful claims are related,

> [T]he court must . . . evaluate[] the significance
> of the overall relief obtained by the plaintiff in
> relation to the hours reasonably expended on the
> litigation.  Where a plaintiff has obtained
> excellent results, his attorney should recover a
> fully compensatory fee.  When a plaintiff has
> achieved only partial or limited success,
> [however,] the product of hours reasonably
> expended on the litigation as a whole times a
> reasonable hourly rate may be an excessive amount.
> Nonetheless, a plaintiff does not need to receive
> all the relief requested in order to show
> excellent results warranting the fully
> compensatory fee.
>
> * * *
>
> [C]laims are unrelated if the successful and
> unsuccessful claims are 'distinctly different'
> both legally and factually, claims are related,
> however, if they involve a common core of facts or
> are based on related legal theories.  At bottom,
> the focus is on whether the unsuccessful and
> successful claims arose out of the same course of
> conduct.  If they did not, the hours expended on
> the unsuccessful claims should not be included in
> the fee award.

*Id*. at 813 (quotations and citations omitted).

Kindra Clark's misrepresentation claim under the FDCPA
involved a telephone conversation between her and Moore in which
the jury found Moore incorrectly told Kindra Clark that he was
not obligated to stop calling her at work unless she sent a
written request to QCI.  It appears the jury's basis for finding
Defendants' liable on this claim was that the least sophisticated
debtor likely would believe Moore's statement even though it was
false and/or misleading despite the fact that Kindra Clark

8 - OPINION AND ORDER

herself had a significantly greater understanding about permissible debt-collection practices.

Kindra Clark's other FDCPA claims arose from issues as to whether Defendants improperly communicated with third parties and whether the number and times of Defendants' calls were unreasonable.  The bases for Defendants' alleged liability on these claims were Moore's alleged communication about the debt with David Clark's employer and Moore's alleged intent to harass nad/or abuse the Clarks with excessive telephone calls.  Thus, the underlying facts and the legal theories of these claims were unrelated to Kindra Clark's misrepresentation claim.  *See Vandzura v. C&S Adjusters, Inc.*, No. CIV. A. 95-2540, 1997 WL 56927 (E.D. Pa. Feb. 10, 1997)(the plaintiff's unsuccessful FDCPA claims were unrelated to the plaintiff's successful FDCPA claims).

In addition, Kindra Clark's state-law claims arose from issues as to whether Defendants improperly communicated with third parties and whether Defendants unreasonably contacted Kindra Clark's place of employment before attempting to contact her at her residence.  The underlying facts and the legal theories of these claims also were unrelated to Kindra Clark's FDCPA misrepresentation claim.

Although all of Kindra Clark's claims arose from Defendants' efforts to collect the same debts, the Court concludes the

9 - OPINION AND ORDER

operative facts and legal theories behind Kindra Clark's unsuccessful claims against Defendants for failing to cease communication, communicating with third parties, and harassing her are distinctly different from the legal theory and factual basis of Kindra Clark's successful claim against Defendants for misrepresentation.

Accordingly, the Court exercises its equitable discretion and reduces by one-third Kindra Clark's requested time for work related to Defendants' summary judgment motion and to trial preparation in light of Kindra Clark's limited success.[1]  *See Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 789-90 (1989)("[T]he district courts should exercise their equitable discretion in . . . cases [of limited success] to arrive at a reasonable fee award.").

<u>**CONCLUSION**</u>

For these reasons, the Court **GRANTS in part** and **DENIES in part** Kindra Clark's Motion for Attorney Fees (#53) and awards

---

[1] The Court has attached to this Opinion and Order as Exhibit 1 the calculation of the attorneys' fees disallowed by the Court.

10 - OPINION AND ORDER

attorneys' fees to Kindra Clark in the amount of **$17,800.00.**

IT IS SO ORDERED.

DATED this 6th day of March, 2006.

/s/ Anna J. Brown

_____

ANNA J. BROWN
United States District Judge